IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| | Case No. CR2-06-129(6) |
| v. | JUDGE ALGENON L. MARBLEY |
| | Magistrate Judge Terence P. Kemp |
| LANCE K. POULSEN, et al., | |
| Defendants. | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Defendant James Dierker's ("Dierker") Motion for New Trial Based Upon Newly Discovered Evidence. (Doc. No 970.) This Motion is Dierker's second motion for new trial based on newly discovered evidence[1] following his March 2008 conviction for his role in a securities fraud conspiracy at National Century Financial Enterprises, Inc. ("National Century"). Dierker now seeks a new trial under Federal Rule of Criminal Procedure 33 based on what he asserts is newly discovered, exculpatory evidence.

On August 13, 2008, Dierker appealed his conviction to the Sixth Circuit Court of Appeals. During the pendency of that appeal, Dierker filed the present motion with this Court. The Sixth Circuit has stayed his appeal pending the resolution of the motion. For the reasons described below, the Court **DENIES** Dierker's motion.[2]

---

[1] And his third motion for new trial pursuant to Rule 33. (See Doc. Nos. 539, 634, 970.)
[2] Dierker has also requested leave to file his untimely Reply Brief (Doc. No. 981), that motion is hereby **GRANTED** and Dierker's arguments within that brief have been reviewed and considered by the Court.

## II. BACKGROUND

Dierker was an executive at National Century. Following a multi-year investigation of allegations of fraud at the company, Dierker was charged in four counts of the superseding indictment, including Count 1 (conspiracy), Count 17 (money-laundering conspiracy), and Counts 25 and 26 (concealment of money laundering). The Government alleged that Dierker committed these offenses by advancing funds to a National Century client, California Psychiatric Management Services ("California Psychiatric"), on two occasions, without purchasing the required amount of eligible receivables. Following trial, the jury convicted Dierker on all four counts. He was sentenced to sixty months imprisonment on each count, to run concurrently.

This Order assumes familiarity with the background of this case. A full recitation of the factual background of this case, the evidence presented against Dierker, and the resolution of Dierker's first and second Rule 33 Motions for new trial can be found in the Court's August 1, 2008 Order (Doc. No. 758).

## III. LAW & ANALYSIS

Federal Rule of Criminal Procedure 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Whether to grant a Rule 33 motion is left to the sound discretion of the district court. *United States v. Wheaton*, 517 F.3d 350, 361 (6th Cir. 2008). The defendant bears the burden of proving that a new trial is warranted. *United States v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994).

As in his prior Rule 33 motion, Dierker claims that he is entitled to a new trial based on "newly discovered" evidence which establishes that the Government withheld material, exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). That evidence consists of three depositions taken by the United States Securities and Exchange Commission

("SEC") of: (1) Robert Panda ("Panda"), a PricewaterhouseCooper's LLP ("PwC") auditor involved with auditing National Century's financial data; (2) Cynthia Stephenson-Collins ("Stephenson-Collins") a healthcare consultant at PwC involved in National Century's audits; and (3) John Rothrock ("Rothrock"), an employee of Bank One, the trustee bank for National Century's NPF XII program (collectively "SEC Depositions"). The SEC Depositions were taken in the course of an SEC investigation that culminated in a finding that: (1) the trustees for NPF VI and NPF XII were negligent for failing to detect that National Century's programs were not in compliance with their governing documents; and (2) that National Century's auditors performed negligently in signing-off on National Century's audits.

To establish a *Brady* violation, a defendant has the burden of showing that "the Government suppressed evidence, that such evidence was favorable to the defense, and that the suppressed evidence was material." *United States v. Graham*, 484 F.3d 413, 417 (6th Cir. 2007). "Material" means "that there is a reasonable probability that, had the evidence been disclosed to the defense, the outcome would have been different." *United States v. Jones*, 399 F.3d 640, 648 (6th Cir. 2005) (internal quotation marks and citation omitted). "Reasonable probability means a probability sufficient to undermine confidence in the outcome." *Id.* (internal quotation marks and citation omitted). "[T]he question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Strickler v. Greene*, 527 U.S. 263, 289-90 (1999). Indeed, "there is no *Brady* violation if the defendant knew or should have known the essential facts permitting him to take advantage of the information in question, or if the information was available to him from another source." *Graham*, 484 F.3d at 417 (internal quotation marks and citation omitted).

To obtain a new trial on the basis of newly discovered evidence under Rule 33(b), a defendant must show: "(1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce an acquittal." *United States v. O'Dell*, 805 F.2d 637, 640 (6th Cir. 1986). The Rule 33 standard is therefore more stringent than the *Brady* standard. Under the former, a defendant must show that the newly discovered evidence "would likely produce an acquittal," whereas under the latter, the defendant need only show that the withheld evidence at issue is "material." *See United States v. Frost*, 125 F.3d 346, 382 (6th Cir. 1997) (noting the different degrees of burdensomeness entailed in the two standards); *Jones*, 399 F.3d at 648 (noting that defendants may frame their requests for new trials under both *Brady* and Rule 33).

Dierker's successive motion for new trial is meritless for several reasons. As a threshold matter, the evidence on which it is based, the SEC Depositions, is not "newly discovered." In fact, the evidence on which he relies formed the basis of his previous Rule 33(b) motion based on purportedly newly discovered evidence, which was denied by this Court in its August 1, 2008 Order (Doc. No. 758, 63-76.) In that Motion, Dierker argued, unsuccessfully, that the evidence gathered in the SEC investigation had been withheld by the Government in violation of *Brady* and was exculpatory because it demonstrated that the trustees and the auditors acted negligently. He reasoned that the evidence bolstered his claim that he innocently relied on the auditor's endorsement of National Century's financial health and that the trustees were aware of the advances. He also claimed the information could have been used to impeach Gibson's and Bily's testimony. The Court rejected both arguments.

4

Now, in the Rule 33 Motion currently before the Court, Dierker contends that the SEC Depositions, which were taken as part of the SEC investigation, were withheld by the Government, are exculpatory, and could have been used to impeach Gibson's and Bily's testimony. The only difference between the motions is that Dierker has re-tooled slightly his argument regarding why the evidence is exculpatory. Instead of arguing that the negligence of the PwC auditors duped him into believing that advancing was appropriate, he now claims that the PwC employees' depositions demonstrate that "advancing" was actually appropriate under the governing documents. Instead of arguing that the Trustees were aware of the advances, he argues that the Trustee's employee's deposition suggests that reserve accounts did not need to be maintained at specified levels throughout the month. The Court finds this change in legal theory to be a distinction without a difference in terms of the outcome of the motion.

Dierker himself concedes that "DIERKER'S *prior* New Trial Motion (docket # 634) was predicated on the same pool of evidence." (Def.'s Reply Br. 3.) He nevertheless urges to the Court to ignore the fact that the evidence is not newly discovered because he had not "obtained or examined this evidence in any way" before filing his previous motion based on the evidence. (*Id.*) The Court finds this argument unpersuasive. If Dierker's Counsel needed more time to review the SEC evidence before filing its previous Rule 33 motion, they should have asked the Court for an extension of time to file the motion. In other words, through the exercise of due diligence Dierker could have discovered the specific contents of the SEC Depositions earlier by requesting an extension of time to file and by reading the depositions before filing his motion.

As things stand, Dierker presented a motion for new trial to the Court over a year ago based on the same evidence it now submits as newly discovered. He presented detailed and exhaustive arguments about the content and evidentiary import of that evidence, including over

90 pages of briefing (Doc. Nos. 634, 659), which the Court thoroughly considered and rejected. (Doc. No. 758.) Now, having more thoroughly reviewed the evidence already presented to the Court and re-vamped his legal arguments, Dierker asks this Court to change its result. The Court declines to do so. Evidence is not newly discovered merely because counsel re-phrases its legal argument and highlights different portions of the evidence for the Court. *See United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991) (courts have narrowly construed what constitutes newly discovered evidence for Rule 33 purposes).

Furthermore, it appears from the record that the SEC Depositions were identified and provided to Dierker and his co-defendants before their February 2008 trial. The Government has produced evidence indicating not only that it identified the SEC Depositions as "SEC DEPOSITIONS AND EXHIBITS" in an April 19, 2007 discovery index provided to the Defendants, but also that Counsel for Defendant Ayers requested that the SEC Depositions be made available for copying on April 23, 2007. (Doc. No. 217 at 5; Gov. Ex. B at 26.) The Government represents that it did so. Dierker was part of a joint defense agreement pursuant to which Defendant Ayers was designated to coordinate discovery for Dierker and his co-defendants. (*See* Doc. No 231.) Accordingly, any failure on the part of Ayers to relay the SEC Depositions to Dierker's counsel cannot be charged to the Government.

Moreover, even assuming that the documents were not produced, there are no grounds under either *Brady* or Rule 33 for setting aside the verdict and granting Dierker a new trial. As this Court has previously held, although the "evidence would have been 'favorable' to Defendants, [ ] the Court cannot say it was 'material,' such that its non-disclosure undermines confidence in the jury's guilty verdict[]." (Doc. No. 758, 67.) The Court is unconvinced that evidence that two PwC employees may have been aware of the "advancing" and may have

6

believed it was appropriate and that an employee of the NPF XII Trustee believed that fluctuations in the reserve accounts were permissible would have tipped the scales in Dierker's favor enough to raise concerns about the fairness of the trial. This is particularly true given that any such testimony at trial could have been impeached by the presentation of evidence that the PwC auditors and the Trustees were later found by the SEC to be acting negligently with respect to their roles in connection with National Century. As the Court has previously explained, "responsibility third parties may bear for failing to detect the fraud or furthering its ends, does not diminish Dierker's culpability as a National Century co-conspirator."[3] (Doc. No. 758, 73.)

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Dierker's "newly discovered" evidence is neither newly discovered nor material. Therefore, Dierker's Motion for New Trial Based Upon Newly Discovered Evidence (doc. no. 970) is **DENIED**.

**IT IS SO ORDERED.**

                                                                                              s/Algenon L. Marbley
                                                            **ALGENON L. MARBLEY**
                                                            **United States District Court Judge**

**DATE: August 26, 2009**

---

[3] *D'Ambrosio v. Bagley*, No. 1:00-cv-2521, 2006 U.S. Dist. LEXIS 12794, (N.D. Ohio Mar. 24, 2006) on which Dierker relies does nothing to alter this result. That case has no effect on the legal elements required to establish a *Brady* violation recited *supra*; requirements that Dierker has failed to satisfy. The *D'Ambrosio* court found that the allegedly exculpatory evidence was not only withheld by the prosecution but also that it was material. In doing so the court noted, "when examining whether the suppression of favorable evidence constitutes a constitutional violation, a reviewing court must look at its collective impact on the defendant's due process right to a fundamentally fair trial." *Id.* at *96-97. In this case, the Court has done so and concluded that that even if the SEC Depositions were withheld, they were not material given the contents of the evidence, the impeachability of the declarants, and the totality of the evidence presented at trial.